NIKE INTERNATIONAL, LTD., Plaintiff,

v.

ATHLETIC SALES, INC. and the Venrod Corporation, Defendant.

Civ. No. 86–0849 (RLA–JP).

United States District Court, D. Puerto Rico.

March 22, 1991.

Pedro J. Santa and Jorge L. Peirats, O'Neill & Borges, Hato Rey, P.R., for plaintiff.

Edilberto Berríos Pérez, San Juan, P.R., for Athletic Sales, Inc.

Carlos T. González Contreras, Hato Rey, P.R., for Venrod Corp.

Federico Cedó Alzamora, Office of Monopolistic Affairs, Dept. of Justice, San Juan, P.R., for the Com. of P.R.

## OPINION AND ORDER

PIERAS, District Judge.

The Court has before it plaintiff Nike International's Motion for Summary Judgment on the Fourth Claim for Relief and defendant Venrod's Opposition thereto. Defendant Athletic Sales Inc. ("ASI") is judgment proof and thus has not filed a response to Nike's Motion. On June 30, 1988, the District Court granted partial judgment by granting Nike's request for declaratory judgment, and stayed the plaintiff's fourth claim for relief for collection of monies, pending the Bankruptcy Court's determination of Nike's motion to dismiss ASI's bankruptcy petition. On August 19, 1988, the Bankruptcy Court granted ASI's motion for voluntary dismissal, and entered judgment on October 25, 1988. As the bankruptcy proceeding is no longer pending, Nike filed its Motion for Summary Judgment on the Fourth Claim for Relief. For the reasons stated below, we deny the plaintiff's motion for summary judgment.

## I. THE FACTS

On November 29, 1979, BRS, Inc., the predecessor of Nike, appointed ASI as distributor of the Nike brands of athletic shoes, apparel, bags and related products in various parts of the Caribbean, including Puerto Rico. Thereafter, ASI started to experience financial difficulties. On February 7, 1984, Nike renewed ASI's appointment as distributor with the condition that Venrod become its subdistributor, as ASI had already incurred a substantial debt to Nike. The terms of the subdistribution agreement are at issue in this case.[1] In addition, Nike required the appointment of

---

1. Even though the defendant has not complied with Local Rule 311.12 (Fed.Proc.Rules Service, District Court for the District of Puerto Rico, Rule 311.12) by neglecting to submit a separate statement of facts with its Opposition to the Motion for Summary Judgment; its delineation of the facts in its actual motion are sufficient enough for Local Rule 311.12 to be suspended pursuant to Local Rule 105.

a trustee to ensure payment to all of ASI's creditors, including Nike.

The plaintiff alleges that when Venrod agreed to provide the trustee with an annual payment of $50,000.00 on behalf of ASI in consideration of the subdistribution agreement, Venrod assumed ASI's debt. The subdistribution agreement is alleged to have been a cumulative assumption of the debt. Defendant Venrod asserts that the subdistribution agreement expressly provided for annual payments of $50,000.00 for a period of seven years contingent upon the existence of the Distribution Agreement.

The District Court found that the Distribution Agreement was validly terminated under Puerto Rico law, when ASI failed to provide Nike with written notice of renewal as contractually required. *Nike Int'l Ltd. v. Athletic Sales, Inc.,* 689 F.Supp. 1235 (D.C.P.R.1988). In addition, the Court found that the Subdistribution Agreement expired on the same date as the Distribution Agreement, where the terms of the Subdistribution Agreement made clear that the existence of the Distribution Agreement was a condition precedent to the continuation of the Subdistribution Agreement. *Id.*

II. SUMMARY JUDGMENT—STANDARD OF REVIEW

A motion for summary judgment is appropriate when:

> [T]he pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed.R.Civ.P. 56(c). *Brennan v. Hendrigan,* 888 F.2d 189, 191 (1st Cir.1989); *see e.g., Medina–Muñoz v. R.J. Reynolds,* 896 F.2d 5 (1st Cir.1990). A "genuine" issue is one that is dispositive, and must therefore be decided at trial. *Mack v. Great Atlantic and Pacific Tea Co.,* 871 F.2d 179, 181 (1st Cir.1989); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986). A "material" fact is one which affects the outcome of

the suit and must be resolved before attending to related legal issues. *Mack v. Great Atlantic and Pacific Tea Co.,* 871 F.2d at 181.

Essentially, Rule 56(e) mandates that summary judgment be entered against a party who fails to establish the existence of an element essential to that party's case. *Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Thus, the burden is first on the movant, to show "that there is an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett,* 477 U.S. at 325, 106 S.Ct. at 2554. Thereafter, the burden shifts to the nonmovant to establish the existence of a genuine material issue. *Brennan v. Hendrigan,* 888 F.2d at 191. The nonmovant, however, cannot rest upon mere allegation or denial of the pleadings. Fed.R.Civ.P. 56.

In the instant case, the defendant Venrod has established that a genuine issue of material fact exists as to the amount for which it is indebted to plaintiff Nike.

III. CLEAR TERMS OF THE SUBDISTRIBUTION AGREEMENT

Title 31 L.P.R.A. § 3471 provides that "[i]f the terms of a contract are clear and leave no doubt as to the intentions of the contracting parties, the literal sense of its stipulations shall be observed." *See also Luce & Co. v. Labor Relations Bd.,* 86 P.R.R. 402 (1962). Where contract terms and clauses are clear and unambiguous courts should abstain from speculating about possible intentions of parties and should interpret them according to their will expressed at the time of its execution. *In re N–500L Cases,* 517 F.Supp. 816 (D.C. P.R.1981). Contract construction should not be resorted to. *Salomons v. León,* 6 P.R.R. 87 (1914); *Nat'l City Bank v. Martínez,* 41 P.R.R. 162 (1930). In this case, the Subdistribution Agreement which the plaintiff neglects to refer to, specifically states:

> 12. In consideration of NIKE's consent and approval of VENROD's becoming a sub-distributor for the NIKE products, VENROD hereby agrees to provide the TRUSTEE, on behalf of ATHLETIC

SALES, whatever amount shall be necessary so as to secure NIKE a minimum payment of $50,000.00 per year for a period of seven years *contingent upon* the Distribution Agreement continuing in full force and effect.

Agreement at 7 (Feb. 7, 1984) (emphasis added), Defendant's Exhibit B to Reply to Plaintiff's Motion for Summary Judgment on Fourth Claim for Relief. Thus, it is clear from the face of the Subdistribution Agreement that Venrod was only obligated to make payments on behalf of ASI until the moment the Distribution Agreement terminated, and that a cumulative assumption of the debt was never provided for by the parties in its formal agreement.

The plaintiff suggests that the Court rely upon an undated telex as evidence of the parties' actual intent. Yet Puerto Rico law specifically provides that the terms of a valid contract must govern without references to extrinsic matters, in absence of express provision for such reference. *Chevremont v. People of Porto Rico*, 3 P.R.R. 108 (1903). Title 32 L.P.R.A.App. IV R. 69(B) states:

> When in an oral or written agreement, either public or private, all the terms and conditions constituting the true and final intention of the parties have been included, such agreement shall be deemed as complete, and therefore, there can be between the parties, or successors in interest, *no evidence extrinsic to the contents of the same* ...

32 L.P.R.A.App. IV R. 69(B) (emphasis added).

As the validity of the subdistribution agreement itself is not in dispute by the parties: the plaintiff's reference to extrinsic evidence, and arguments of subjective novation and cumulative assumption of the debt, are all *without merit.*

Wherefore, in view of the foregoing, plaintiff Nike's Motion for Summary Judgment is hereby DENIED. The parties are hereby ORDERED to file a stipulation within 10 days of this Opinion and Order, of the amount of money Venrod may owe under clause 12 of the Subdistribution Agreement for unpaid installments to the trustee during the existence of the Distribution Agreement, and the amount for which ASI is separately indebted to Nike, so that judgment may be entered.

IT IS SO ORDERED.